19118. COUNTY OF RICHMOND *et al. v.* HEADLEY.

ARGUED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955—
REHEARING DENIED NOVEMBER 29, 1955.

*Franklin H. Pierce,* for plaintiffs in error.

*Nicholson, Fleming & Barton,* contra.

CANDLER, Justice. The General Assembly of this State at its 1953 November-December session adopted a resolution (Ga. L. 1953, Nov.-Dec. Sess., p. 502) proposing to the qualified voters of Richmond County that article 7, section 4, paragraph 1, of the Constitution of 1945 be amended by adding thereto a new provision giving the board of commissioners of roads and revenues of that county the right and power to assess and collect license fees and taxes from all persons, firms, and corporations maintaining a place or places of business in any area of Richmond County outside the incorporated limits of municipalities; the right and power to license and regulate taxicabs and cars for hire in such unincorporated area; and the right and power to classify businesses and business enterprises, which are not subject to regulation by the State Public Service Commission, and to assess different license fees and taxes against different classes of business. It also provides that the county board of commissioners shall have the right and power to license all businesses and business enterprises in any area of Richmond County outside the incorporated limits

of municipalities, in the interest of the welfare of the citizens of the county, and to prescribe rules and regulations concerning the same, and to provide that a violation of any license regulation adopted by the board or the failure to pay any license fee or tax prescribed for any business shall constitute a misdemeanor punishable upon conviction thereof by the general laws of this State. Section 2 of the resolution provides for submission of the proposed amendment to the qualified voters of Richmond County in the 1954 general election.

When the proposed amendment was submitted, as thus provided for, 2,296 of the qualified voters of Richmond County voted for it, 1,789 voted against it, and the Governor proclaimed its ratification.

Pursuant to the provisions of the amendment, the board of commissioners adopted an ordinance implementing the amendment. Hal H. Headley, alleging himself to be a citizen and taxpayer of Richmond County, a resident of the unincorporated area of the county, and the owner of a business affected by the amendment and the ordinance which the board of commissioners adopted pursuant thereto, brought a suit for injunctive relief against Richmond County and its governing body. His amended petition in substance alleges: that the proposed amendment had not been legally ratified, since it was submitted to all of the qualified voters of Richmond County when it should have been submitted only to the qualified voters of the unincorporated area of the county, the only area of the county affected thereby or the only area to which it applies; that a majority of the votes cast in the unincorporated area of the county were against ratification of the proposed amendment; that the defendants are illegally expending tax money in an effort to administer the purported amendment and the ordinance adopted pursuant thereto; and that the petitioner has a pinball machine in his place of business, for the operation of which a license fee or tax of $50 for the year 1955 has been assessed by the defendants under authority of the purported amendment and the board's implementing ordinance, and he has been notified that an execution for $50 will be levied on his property if the license fee or tax so assessed is not paid by July 15, 1955. The sufficiency of the amended petition to state a cause of action for the relief sought was challenged by general

demurrer; and it was also demurred to specially on several grounds. The court overruled the general demurrer, but did not pass on the special demurrers. The defendants excepted.

Was the proposed amendment to article 7, section 4, paragraph 1 of the Constitution of 1945, legally ratified? The trial judge held that it was not. He based his ruling on the proposition that it affected only the unincorporated area of Richmond County; and that it should have been submitted for ratification only to the qualified voters in the unincorporated area of the county, and not, as was done, to all the qualified voters of Richmond County. To the correctness of this ruling, we must disagree with the trial judge. The proposed amendment authorizes and empowers the county board of commissioners to exercise specified police authority or power in the unincorporated area of the county in the interest of the welfare of the citizens of Richmond County as a whole. By thus conferring upon the county board of commissioners the right to exercise such police authority or power in the unincorporated area of the county, better county government for Richmond County was provided for, and a better county government vitally affects the' welfare of the people residing therein and consequently affects the county, a political subdivision, in its entirety. Hence, under article 13, section 1, paragraph 1 of the Constitution of 1945, as amended in 1952, it was proper and necessary to submit the proposed amendment to all the qualified voters of Richmond County, and not, as the plaintiff contends, only to the qualified voters of the unincorporated area of the county; and, since the amended petition shows that a majority of those who voted in Richmond County in the general election of 1954 cast their votes in favor of ratifying the proposed amendment, there is clearly no merit in the plaintiff's position, that it did not, for want of an affirmative majority vote, become a part of the Constitution of 1945. The proposed amendment having been submitted to all the qualified voters of Richmond County in the general election of 1954, and having been ratified by a majority vote, it necessarily follows that the amended petition failed to state a cause of action for the relief sought; and this being the case, the defendants' general demurrer to the amended petition should have been sustained, and it was error not to do so.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*