25321. RICHMOND COUNTY v. RICHMOND COUNTY BUSINESS ASSOCIATION, INC. et al.

ARGUED JULY 15, 1969—DECIDED SEPTEMBER 29, 1969.

*Franklin H. Pierce,* for appellant.

*Lanier, Powell, Cooper & Cooper, Wilmer D. Lanier, Harris, Chance & McCracken, Henry T. Chance,* for appellees.

FELTON, Justice. 1. The attempt of the ordinance to make the failure to pay the so-called "license fee" punishable "as for a misdemeanor," is void and in violation of the Home Rule Amendment of the Constitution (Ga. L. 1965, pp. 752, 756; ratified Nov. 8, 1966; *Code Ann.* § 2-8402 (c 3)), which provides that the power granted to counties in subparagraphs (a) and (b) thereinabove "shall not be construed to extend to . . . Action defining any criminal offense or providing for criminal punishment."

2. So much of said ordinance which seeks to place a penalty upon "professional people" for a late payment of "the license fee" (or tax) which is beyond the authority granted under the Home Rule Amendment, supra, and Ga. L. 1953, Nov. Sess., p. 502 (the 1954 ratification of which latter proposed constitutional amendment was nullified in *Seago v. Richmond County*, 218 Ga. 151 (126 SE2d 657)), and is void.

3. The attack upon the ordinance is on the ground that it applies only to the businesess located in the unincorporated area of the county and not to the businesses found in incorporated areas and is therefore discriminating, arbitrary and denies equal protection guaranteed under the State and Federal Constitutions in that it is the levy of a county tax. *Buchanan v. State*, 215 Ga. 791 (1) (113 SE2d 609) and cit. Although in *County of Richmond v. Headley*, 212 Ga. 103 (90 SE2d 569), constitutional authority of the people by an amendment voted on by all of the people of Richmond County was upheld by a split decision (6-1) of this court, in *Seago v. Richmond County*, supra, the ratification of this proposed constitutional amendment was nullified by this court, whereby the existing authority for such taxing power by this county was also nullified. See *Richmond County Business Assn. v. Richmond County*, 224 Ga. 854 (165 SE2d 293), in which a previously enacted ordinance of this county was held to have been an unconstitutional imposition of a tax. No such authority has yet been subsequently granted, as was pointed out in the *Richmond County* case, supra, p. 859.

4. The ordinance attacked contains a number of provisions, absent in the prior ordinance, which are regulatory in nature,

such as inventory restrictions, conditions of licenses (namely: duration, renewal, nature of sales, what are salable goods, surrender of general license and nontransferability of licenses), duties of licensees (namely: to adhere to inventory; advertise properly and adhere to advertising; keep duplicate copy of inventory; and segregate noninventoried goods), interval between sales, location of sales, provisions regarding bankrupt or fire sales, and other advertising restrictions. Other changes include the substitution in the caption of the stated purpose of regulation and control of businesses and professions by providing a license "fee" therefor for the former provision for an occupation "tax," etc., as well as the substitution of a sechedule of "fees" for each category of business in the place of a formula which employed the factors of: a. number of employees and b. gross revenue.

Notwithstanding these efforts to enact a tax under the guise of a license, it does not appear that the criteria for a license, such as the *primarily* regulatory intention (as set forth in the *Richmond County* case, supra, p. 855 (1) and cit.) are therein met. The basis for classification of taxpayers must be related to the objective of the ordinance. *Pharr Road Investment Co. v. City of Atlanta*, 224 Ga. 403 (162 SE2d 333). The present ordinance, although contended to be merely regulatory, considers factors in its classification which strongly suggest ability to pay as its basis, such as: the number of employees; the size or value of stocks of merchandise; prices per units of merchandise or services sold, and establishment of rates per income-producing units, with higher rates for units producing larger income.

The regulation of a lawful business is dependent upon some reasonable necessity for the protection of public health, safety, morality, or other phase of the general welfare. The inclusion of a large variety of types of businesses, occupations and professions, many of which are already regulated by statute and others having no apparent relation to the general welfare, casts doubt upon the primarily regulatory theory. One of the very reasons advanced for the necessity of this "regulation," the discovery of business and occupations not presently on the coun-

ty's tax digest, itself indicates a primarily revenue-producing purpose.

A tax on the privilege of selling goods is in effect a tax on the goods themselves. *Kehrer v. Stewart,* 117 Ga. 969 (44 SE 854). While an occupation tax is not a tax on property, it is, nevertheless, a tax on the occupation. *Atkinson v. Brunswick-Balke-Collender Co.,* 144 Ga. 694 (87 SE 891); *Inter-city Coach Lines v. Harrison,* 172 Ga. 390 (157 SE 673). However a tax for a license as a condition precedent for engaging in the occupation is distinguished from other taxes, it is still a tax. *Inter-city Coach Lines,* supra.

5. Before the adoption of the Home Rule Amendment, supra, the county as a subdivision of the State, under *Code Ann.* § 2-7801 (Const. of 1945) had only such powers and limitations as prescribed by law, and functioned entirely under the laws and the Constitution of this State. The Home Rule Amendment (*Code Ann.* § 2-8402 (c) 3, 4) clearly prohibits action in the areas of criminal offenses or punishment and additional forms of taxation. The only authority for the county's power of taxation, the 1953 proposed constitutional amendment, supra, has been held void on account of the manner of its attempted ratification. The levying of an occupation or business tax, although called a license fee for regulatory purposes under the police power, is a tax within the purview of § 2-8402 (c 4). Regardless of the obvious need of the county for additional sources of revenue, the enactment of an ordinance for this purpose must be preceded and authorized by statutory or constitutional authority. Since the present ordinance is devoid of such authority, it is null and void. The trial court did not err in granting the injunction.

*Judgment affirmed. All the Justices concur. Undercofler, J., concurs in the judgment only.*