26707, 26708. RICHMOND COUNTY v. RICHMOND COUNTY BUSINESS ASSOCIATION, INC., et al.; and vice versa.

UNDERCOFLER, Justice. This appeal is from the trial court's judgment declaring a local enabling constitutional amendment of Richmond County and the ordinance adopted thereunder void as being violative of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

The constitutional amendment purportedly adopted in 1970 provides: "The Board of Commissioners of Richmond County shall have the right and power to assess and collect license fees and taxes from all persons, firms and corporations maintaining a place or places of business in any area of Richmond County outside the incorporated limits of municipalities; and the right and power to license and regulate taxicabs and cars for hire in such unincorporated areas; and the right and power to classify businesses and business enterprises, and to assess different fees and taxes against different classes of business, excepting from the application of these provisions only those businesses which are subject to regulation by the State Public Service Commission. The Board of Commissioners of Richmond County shall also have the right and power to license all businesses and business enterprises (which are not subject to regulation by the State Public Service Commission) in any area of Richmond County outside the incorporated limits of municipalities, in the interest of the welfare of the citizens of Richmond County, and to prescribe rules and regulations concerning the same, and to provide that violation of any license regulation adopted by the Board of Commissioners of

Richmond County or the failure to pay any license fee or tax prescribed for any business shall constitute a misdemeanor punishable upon conviction thereof as prescribed by the general laws of the State of Georgia."

The ordinance adopted pursuant to the constitutional amendment assessed license fees for businesses in Richmond County located outside of municipalities. *Held:*

1. The ordinance under attack here contains over 600 different business classifications. The license fees range from $2,000 per year for anti-freeze businesses not in connection with a service station to 50 cents per year for each penny-vending machine. The ordinance contains no regulations governing the conduct of any of the businesses listed therein. It does contain regulations for going-out-of-business, removal, bankruptcy, fire and other altered stock sales. It was stated in *Richmond County v. Richmond County Business Assn.,* 225 Ga. 568, 570 (170 SE2d 246) that "The present ordinance, although contended to be merely regulatory, considers factors in its classification which strongly suggest ability to pay as its basis . . . The regulation of a lawful business is dependent upon some reasonable necessity for the protection of public health, safety, morality, or other phase of the general welfare. The inclusion of a large variety of types of businesses, occupations and professions, many of which are already regulated by statute, and others having no apparent relation to the general welfare, casts doubt upon the primarily regulatory theory." We reject the contention that the Richmond County licensing ordinance is a regulatory measure. We conclude and hold that it is a revenue raising enactment. See also *Richmond County Business Assn. v. Richmond County,* 224 Ga. 854 (165 SE2d 293).

2. Businesses may be classified for licensing purposes. "The question always is whether there is any reasonable ground for a classification or whether it is only and simply arbitrary, based upon no real distinction. The authorities are unanimous in their conclusion that the basis on

which a classification may validly rest must be reasonable and founded on material differences and substantial distinctions which bear a proper relation to the matters or persons dealt with by the legislation and to the purpose sought to be accomplished." 16 AmJur2d 889, § 506.

It is shown in the instant case that the ordinance levies taxes only on those businesses in Richmond County located outside a municipality. However, the revenue therefrom is received into the treasury for the support of general county governmental functions such as the courts, sheriff's office, tax commissioner, etc., which provide services for all residents of the county whether within or without the municipalities. The burden of the tax is classified geographically without any particular reason therefor. There being no reasonable basis for such classification, we agree with the trial court that it violates the due process and equal protection clause of the Fourteenth Amendment of the United States Constitution. See *Fulton County v. Lockhart,* 202 Ga. 878 (45 SE2d 220). *McLennan v. Aldredge,* 223 Ga. 879 (159 SE2d 682) is distinguishable from the instant case. There the tax was not only levied upon all the citizens of the county but the classification was shown to have a reasonable relation to the purpose and objects of the legislation.

3. The amendment to the Georgia Constitution under attack here is an enabling amendment. It merely authorizes Richmond County to adopt certain licensing ordinances. In itself it imposes no obligation upon the appellees. Therefore, it can not violate the appellees' constitutional rights. Furthermore, we are not prepared to hold that a territorial classification such as here could not have a reasonable basis under any circumstances. We hold that the trial court erred in decreeing that the local Richmond County constitutional amendment violated the due process and equal protection clauses of the United States Constitution.

4. Appellees in their cross appeal contend that the amendment never became a part of the Georgia Constitution

because: (1) the absentee ballots furnished electors within the municipalities did not conform to the form prescribed by the resolution proposing the amendment, (2) the amendment was erroneously submitted to the electors of the municipalities in Richmond County who were not affected by it, and (3) three militia districts in the county failed to approve it.

(a) The amendment was approved by all of the municipalities as well as the area of the county outside thereof. Appellees concede that these results would not be altered if all the absentee votes had been cast against the amendment. We hold, therefore, that errors, if any, in the form of the absentee ballots were harmless. See *County of Richmond v. Headley*, 212 Ga. 103 (90 SE2d 569); *Kimzey v. Mickel*, 191 Ga. 158 (4) (12 SE2d 567).

(b) The amendment was properly submitted to the electors of Richmond County residing within municipalities. *County of Richmond v. Headley*, 212 Ga. 103, supra.

(c) The fact that three militia districts voted against the constitutional amendment does not defeat its passage. Assuming without deciding that a militia district is a political subdivision, it is not one that is directly affected within the meaning of Art. XIII, Sec. I, Par. I of the Georgia Constitution (*Code Ann.* § 2-8101) providing that local amendments shall be submitted "to the people of the political subdivision or subdivisions directly affected," and ratified by them. The militia districts of Richmond County are not directly affected by the amendment here. The political subdivision directly affected is the county and the amendment need only be approved by the majority of the electors of Richmond County voting thereon and not also each militia district as contended by the appellees. *King v. Peagler*, 227 Ga. 29, 30 (178 SE2d 897); *McCullers v. Williamson*, 221 Ga. 358 (2) (144 SE2d 911).

*Judgment reversed in part; affirmed in part on the main appeal. Judgment affirmed on the cross appeal. All the Justices concur.*

Submitted September 14, 1971—
Decided November 5, 1971.

*Franklin H. Pierce,* for appellant.

*Harris, Chance & McCracken, Henry T. Chance, Lanier, Powell, Cooper & Cooper, Wilmer D. Lanier,* for appellees.