28693. RICHMOND COUNTY BUSINESS ASSOCIATION et al. v. RICHMOND COUNTY.

GUNTER, Justice.

This is an appeal from a judgment denying an interlocutory injunction. The appellants sought below to enjoin the enforcement of certain ordinances enacted by the Board of Commissioners of Richmond County levying license fees and taxes on businesses located in Richmond County outside the incorporated limits of municipalities. The appellants attacked these ordinances on several constitutional grounds, but the trial judge found them to be constitutional and denied injunctive relief. The appellants have come here seeking review.

On November 3, 1970, a local constitutional amendment pertaining to Richmond County was ratified which provided that the Board of Commissioners of Richmond County "shall have the right and power to assess and collect license fees and taxes from all persons, firms and corporations maintaining a place or places of business in any area of Richmond County outside the incorporated limits of municipalities; . . . The Board of Commissioners of Richmond County shall also have a right and power to license all businesses and business enterprises . . . in any area of Richmond County outside the incorporated limits of municipalities, in the interest of the welfare of the citizens of Richmond County, and to prescribe rules and regulations concerning the same . . ."

Pursuant to this constitutional authorization, the Board of Commissioners enacted the ordinances here attacked.

Although this court held in *Richmond County v. Richmond County Business Assn.,* 228 Ga. 281 (185 SE2d 399) (1971), that this local amendment was properly submitted and ratified, the appellants have again attacked its ratification as being illegal. We have again

considered this question, and we hold that this local amendment was properly ratified.

The Georgia Constitution (Code Ann. § 2-8101) provides in part as follows: "A proposed amendment which is not general shall be submitted at the next general election which is held in the even-numbered years, but shall only be submitted to the people of the political subdivision or subdivisions directly affected." Appellants argue that the "unincorporated area" of Richmond County is a "political subdivision," and that the proposed local amendment affected only the "unincorporated area" of Richmond County. We disagree with this contention. The "unincorporated area" of a county is not a "political subdivision" within the meaning of this constitutional requirement. The trial judge properly upheld this local amendment with respect to its ratification.

The appellants also attacked the ordinances enacted pursuant to the local constitutional amendment on the ground that the ordinances provide that all revenues collected pursuant to the ordinances "shall be deposited in a special fund, and expended solely for the benefit and general welfare of the unincorporated area of the County of Richmond." Their contention is that this provision in the ordinances violates the Georgia Constitution (Code Ann. § 2-5701) which says: " . . . nor shall any taxes collected be allocated for any particular purpose, unless expressly so provided by the General Assembly or this Constitution." They contend that there is no statutory or constitutional authority that will permit the Board of Commissioners to allocate the collected revenues "solely for the benefit and general welfare of the unincorporated area of the County of Richmond."

We hold that the allocation of county revenue for expenditure in a particular area of the county is not allocation for "any particular purpose" within the meaning of this constitutional language. Particular "purposes" for which county taxes may be levied and expended are set forth in the subsequent paragraph of the Constitution (Code Ann. § 2-5702), and these enumerated "purposes" have no relation whatsoever to areas in which county revenues may be expended. These

attacks on the constitutionality of these two ordinances are without merit.

The trial judge considered and overruled other constitutional attacks made on these ordinances by the appellants. We have reviewed his rulings, and we agree that these additional attacks were wholly without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1974 — DECIDED JUNE 12, 1974 — REHEARING DENIED JULY 9, 1974.

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper, Roger W. Dunaway, Jr.,* for appellants.

*Congdon, Williams & Daniel, Robert C. Daniel, Jr., Arthur K. Bolton, Attorney General,* for appellee.