## 29603. MURPHY et al. v. STATE OF GEORGIA.

GUNTER, Justice.

This appeal presents the same issues decided today in *Greer v. State of Ga.*, 233 Ga. 667. The question here is whether parts of the Act that created the State Properties Code (Ga. L. 1973, p. 857; Code Ann. Ch. 91-1A) which relate to the appointment of legislators as members of the commission are violative of the separation of powers principle contained in our Constitution (Code Ann. § 2-123).

The state filed its complaint against five legislators appointed to and serving as members of the eleven-member State Properties Commission. The trial judge entered judgment that declared unconstitutional those portions of the Act which relate to the appointment and service of the legislators on the commission. The judgment further declared that the remaining portions of the Act were severable and constitutional, and that the commission, as it remained with the legislators removed, could continue to perform the statutory duties of the commission. The legislators have appealed; they argue that their service on the commission does not violate the separation of powers principle; but that, if there is a violation, the infected portions of the Act are not severable and the entire Act must fall.

The commission was created as a public body, an agency of the state "within the Executive Branch of State Government." Code Ann. § 91-104a. It succeeded previous statutory commissions which had performed similar functions. It is not necessary to describe all of the functions of the present commission, but its primary function is the acquisition of property in behalf of the state through condemnation or otherwise. It is sufficient to note, in addition, that the commission has general authority to "inspect, control, manage, oversee and preserve" such property (Code Ann. § 91-105a (a)), including the specific powers to "settle, adjust and finally dispose of any claim, dispute or controversy of any kind" (Code Ann. § 91-105a (k)) and to "deal with and dispose of any unauthorized encroachment upon, or use or occupancy of, any part of the property" (Code Ann. §

91-105a (j)). The commission is also authorized in its own name to execute certain rental agreements and grant certain licenses with respect to the property. Code Ann. §§ 91-108a, 91-109a.

It is therefore plain that most of the functions of the State Properties Commission are functions that must be performed by the executive branch of the government.

The constitutional prohibition (Code Ann. § 2-123) provides, in effect, that no legislator shall perform executive functions. The fact that the legislative members of the commission may be performing some functions that are appropriate to the legislative branch of the government does not alter the fact that they, as members of the commission, must also perform functions that are exclusively within the province of the executive branch. And this is what the Constitution prohibits. *Greer v. State of Ga.,* supra; State v. Bailey,151 W. Va. 79 (150 SE2d 449) (1966); Book v. State Office Bldg. Comm., 238 Ind. 120 (149 NE2d 273) (1958).

We now come to the severability question. After excising as unconstitutional those portions of the Act which provide for five legislative members on an eleven-member commission, can the remaining six-member commission perform the functions intended by the General Assembly in enacting the Act?

On most matters presented to the commission for decision, five members constitute a quorum and a majority of those present and voting may act for the commission. Code Ann. § 91-104a (b). However, this same subsection of the statute requires an affirmative vote of nine members of the commission for the acquisition of real property, and the aquisition of real property is, of course, one of the primary functions of the commission. It is apparent that the General Assembly intended to create a balance on the commission between the executive and legislative branches and, more specifically, that the General Assembly intended that real property would not be acquired by the commission without the concurrence of at least three of the legislative members. We therefore conclude that the primary legislative intent cannot be carried out by the remaining six-member commission. Severance is legally inappropriate in this case, and the

entire Act must fall.

However, declaring the entire Act unconstitutional should not pose any great problem. To date the eleven-member commission has been a de facto commission, and its acts pursuant to a statute later declared unconstitutional are valid with respect to the public that it represents and with respect to the third parties with whom it has dealt officially. Also, since the General Assembly is now in session as this decision is rendered, it can by statute recreate the commission by a new statute so that the commission's membership will not offend the separation of powers provision of the Constitution.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hall, J., who concurs in the judgment. Hill, J., disqualified.*

ARGUED JANUARY 20, 1975 — DECIDED
FEBRUARY 11, 1975.

*Charles E. Tidwell,* for appellants.
*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, Assistant Attorney General,* for appellee.