30528. DECATUR TAX PAYERS LEAGUE, INC. et al. v. ADAMS et al.

HALL, Justice.

This is an appeal by certain DeKalb County taxpayers from an order of the DeKalb Superior Court which dismissed their complaint seeking an injunction on due process and equal protection grounds against collection of certain taxes.

Plaintiffs-appellants are individual taxpayers and the Decatur Tax Payers League, Inc., who brought a class action seeking to represent all persons owning taxable property in the City of Decatur, which is wholly within DeKalb County. Defendants-appellees are the DeKalb Commissioners of Tax and of Roads and Revenues. The complaint alleged that both DeKalb and Decatur were taxing appellants' property to provide services that only Decatur was actually providing. Specifically, they alleged that DeKalb was collecting property taxes on Decatur property to finance police protection, recreation, and zoning; that under Code Ann. § 2-7901a DeKalb was only permitted to perform those services if it had a contract

with Decatur to do so; that DeKalb had no such contract and did not provide these services at all; and that appellants ought not to have to pay the county for services they do not receive when they are paying taxes to the city for these services.

The constitutional provision appellants relied upon, Code Ann. § 2-7901a (Ga. L. 1972, p. 1552) reads in pertinent part as follows: "In addition to and supplementary of any powers now conferred upon and possessed by any county, municipality, or any combination thereof, any county, any municipality and any combination of any such political subdivisions may exercise the following powers and provide the following services. .. ." Thereafter followed. a .list of 15 services including those herein disputed. Then followed this provision: "Provided, however, that no city or county may exercise any such powers or provide any such service herein listed inside the boundaries of any other local governments except by contract with the city or county affected unless otherwise provided by any local or special law and no existing local or special. laws or provision of this Constitution is intended to be hereby repealed."

The trial court denied the injunction and dismissed the complaint for failure to state a claim. Both rulings are enumerated as error.

Appellants argue in effect that the recently ratified Art. XI, Sec. III, Par. I of the Georgia Constitution (Code Ann. § 2-7901a), outlined a wholly new method of taxation for services, and effected a repeal of pre-existing law which permitted county-wide taxation. See Code Ann. §§ 2-5403, 2-5701, 2-5702, 92-3701. They argue that under the new provision the county has authority to create special service districts to apportion the tax load more equitably, and where this power exists the principle of uniformity requires that it be exercised.

We cannot accept this argument. It overlooks the plain words of the provision that the new authority was "in addition to and supplementary of" any pre-existing powers of local governments. "Repeals of constitutional provisions by implication are not favored by law." *McLennan v. Aldredge,* 223 Ga. 879, 884 (159 SE2d 682) (1968). "The provisions of the Constitution relating to the

same subject matter must be construed together and harmonized if conflicts appear." *Burpee v. Logan,* 216 Ga. 434, 436 (117 SE2d 339) (1960). That is our mandate where it is argued that a repeal of constitutional provisions has occurred. It would be totally inappropriate here, where conflict between new and old provisions does not even appear, to rule that the new supplementary powers have ousted the long-standing principles of county-wide taxation for services. Appellants have helpfully attached to their brief and made a part of their submission here a Report of the Urban Growth Subcommittee to the Committee on State Planning and Community Affairs concerning this constitutional amendment, which makes plain by its terms "that the amendment is entirely permissive in authority and does not command any action on the part of local governments."

We rule that the new amendment is permissive only, does not undercut prior law and principles of uniformity, and permits but does not require action by local governments to ameliorate tax inequities.

In oral argument appellants concede that the levy they attack is a general levy. It is well established that a taxpayer has no valid equal protection or due process claim merely because he does not receive benefits of tax monies to the same extent as other citizens similarly taxed. "The Federal and State Constitutions require an equal assessment of taxes, but there is no requirement that the persons paying the taxes receive equal benefits from the facilities for which the taxes are used." *Camp v. Metropolitan Atlanta Rapid Transit Authority,* 229 Ga. 35, 40 (189 SE2d 56) (1972). Similar to appellants' plight, City of Atlanta taxpayers were entitled to no relief when they were subjected to double taxation to support the schools of Atlanta and of Fulton County, despite the fact that Atlanta children could not attend Fulton County schools without paying a fee. *McLennan v. Aldredge,* 223 Ga. 879, supra. See Ohio Oil Co. v. Conway, 281 U. S. 146, 159 (1930).

The cases cited by appellants, viz., *Richmond County v. Richmond County Business Assn.,* 228 Ga. 281 (2) (185 SE2d 399) (1971); *Fulton County v. Lockhart,* 202 Ga. 878

(45 SE2d 220) (1947); *Smith v. State of Ga.,* 222 Ga. 552 (150 SE2d 868) (1966); and *City of Lithonia v. DeKalb County Bd. of Ed.,* 231 Ga. 150 (200 SE2d 698) (1973), show that principles of uniformity may be violated by improper discrimination in the imposition of taxes; but they do not so hold with respect to inequality in the distribution of benefits.

Appellants complain that they are doubly taxed by counties and cities and are actually paying for services which they do not receive; but the constitutional amendment requires no change, and this situation does not violate equal protection, due process, nor pertinent principles of uniformity of taxation. Code Ann. § 2-5403. The trial court did not err in ruling that no legal cause of action for relief was stated.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1976 — DECIDED MAY 18, 1976.

*M. H. Blackshear, Jr.,* for appellants.

*Harvey, Willard & Elliott, Wendell K. Willard,* for appellees.

*Wilbur T. Fitzgerald, Harold Sheats,* amici curiae.