33678. MARTIN et al. v. ELLIS et al.

PER CURIAM.

This appeal considers the constitutionality of the local option sales tax Act (Code Ann. § 92-3447a.1) enacted in 1975. The trial court, in a suit brought by appellees-taxpayers, ruled the Act invalid in part as a violation of the state constitutional requirement that "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Code Ann. § 2-4603. We agree with the trial court that the differential rollback provision is invalid and that when the invalid part of the Act is stricken, the remainder

properly effectuates the intent of the legislature.

1. The scheme of the Act allows a county, by referendum, to impose a one percent sales tax. The tax proceeds are divided among the county and all incorporated municipalities lying wholly or partially therein, on a population basis. Subsection (i) of the Act reads as follows: "In order to provide governmental services more effectively and economically, in any county where the tax authorized by this section is levied, there is hereby created, pursuant to Article IX, Section III, Paragraph I of the Constitution of Georgia [see Const. 1945, § 2-7901a] a special district of taxation for services for the calendar year following the initial year in which such tax is levied, and thereafter as determined by the governing authority of such county as authorized by law, and which shall exist only in those portions of such county which are outside the boundaries of any municipality, as herein defined, within such county, regardless whether such portions lie within or without any other special tax districts created by law."

In the second and subsequent years, the Act provides in subsection (j) for a rollback of ad valorem taxes within the special district only (i.e., the part of the county outside any municipality). Subsection (k) provides for a rollback of municipal ad valorem taxes by any municipality receiving these sales tax proceeds, for the second and subsequent years. Ga. Laws 1978, p. 1696:

The main controversy centers in subsection (j) which is conceded to authorize a county to charge county residents dwelling outside any municipality one rate for services, while charging those dwelling inside municipalities a wholly different rate for identical services.

Whitfield County commenced levy of the one percent local option tax on April 1, 1976. The appellees-taxpayers brought suit as members of the class of taxpayers of Whitfield County residing inside the City of Dalton, alleging that as a result of implementation of the "differential rollback" provision of subsection (j), the tangible property outside Dalton is not being taxed for county operations, while such property inside Dalton is taxed at 12 mills. They asserted a violation of uniformity

and prayed for an injunction against further nonuniform collection of taxes. The motion of W. E. Strickland, as State Revenue Commissioner of Georgia, to intervene as a party, was granted without objection.

The Superior Court of Whitfield County decided the case upon arguments of counsel for all parties. No evidence, either oral or documentary, was introduced.

The well-reasoned order of the Whitfield Superior Court (Judge Sam P. Burtz) reads in part as follows: ". . . Defendants' motion to dismiss upon various preliminary procedural grounds, including failure to verify the complaint, estoppel, and mootness, is denied, it appearing that these grounds either do not go to the action as a whole, or are without merit.

"Counsel for defendants argue, both orally and by brief, that plaintiffs should be seeking declaratory relief as to the constitutionality of the local option sales tax act. The Court agrees and is of the opinion that the provisions of Ga. Code Ann. 110-1101, the pleadings, and the facts and circumstances shown authorize and the ends of justice require that the Court declare the rights and relations of the parties in this case. *Harper v. Burgess,* 225 Ga. 422 (1969); *Aldridge v. Federal Land Bank of Columbia,* 203 Ga. 285 (1948); *Carter v. Burson,* 230 Ga. 511 (1973); Ga. Code Ann. 37-901; 37-105;

"Proceeding to the constitutional question, it is the duty of this Court, under Article I, Section I, Paragraph VIII of the Constitution of 1976 (Ga. Code Ann. § 2-208), to declare that legislative acts in violation of the Constitution are void. The relevant constitutional authority is Article VII, Section I, Paragraph III of the Constitution of 1976 (Ga. Code Ann. § 2-4603) which mandates uniformity of taxation as follows: 'All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.'

"The conflict between this constitutional command, if it is applicable, and the differential rollback established by subsections (i) and (j) of the local option sales tax act could not be clearer. The Constitution requires uniformity, and the statute provides for non-uniformity.

"Defendants and the State Revenue Commissioner argue that the uniformity requirement is inapplicable

here, and that the statute should be measured against Article IX, Section IV, Paragraph II of the Constitution of 1976 (Ga. Code Ann. § 2-6102), which authorizes the division of a taxing jurisdiction into special taxing districts, and the levy of special taxes within the districts. The question, therefore, is whether this constitutional provision authorizes the differential tax rollback mandated by the local option sales tax act: if so, then the differential rollback is valid; if not, then the differential rollback is void.

"Georgia Code Ann. § 2-6102 provides in pertinent part as follows: 'Any county, municipality, and any combination thereof, or the General Assembly, may provide for the creation of special districts within which the above services, or any portion thereof, shall be provided, and to determine and fix reasonable charges and fees for such services. In addition, the powers of taxation and assessment may be exercised by any county, municipality or any combination thereof, or within any district, for the above powers and in order to provide such services.'

"This provision contemplates a link between the service provided and the method of financing the service. Thus, the 'charges and fees' are to be made 'for such services' and not in the abstract. Similarly, the exercise of the power to tax and assess is specifically tied to its purpose: 'in order to provide such services.' Accordingly, it is proper to levy a tax within a part of a city or county to pay for special service provided to that part and not to the remainder of the city or county.

"In contrast, it is not proper simply to decide that property owners in one part of a city or county will henceforth pay more than their fair share for services provided equally throughout the taxing jurisdiction. The effect of the differential rollback in Whitfield County is that in the current fiscal year residents of the City of Dalton will receive the same county maintenance and operations services as before, and the same as are received by residents of the unincorporated areas of Whitfield County, for an *ad valorem* property taxation rate of twelve mills. The residents of the unincorporated areas will likewise receive the same county maintenance and

operations services as before, but they will pay no *ad valorem* property taxes at all. It is clear to this Court that this could not have been what the framers of the Constitution intended. Accordingly, even giving the act the benefit of every presumption, *Franklin v. Harper,* 205 Ga. 779 (1949), the Court is compelled to the conclusion that the differential rollback of county taxes mandated by subsections (i) and (j) of the local option sales tax act is not authorized by Ga. Code Ann. § 2-6102. It follows that it establishes a non-uniform scheme of taxation in violation of Ga. Code Ann. § 2-4603 and must be declared to be void."

We agree with the foregoing reasoning and conclusions of the trial court. The constitutional authorization of Code § 2-6102 contemplated the creation of special districts for providing services, not special districts for taxing the same services at different rates.

Appellants argue in support of the Act that Art IX, Sec. V, Par. I of the Georgia Constitution of 1966 (Code Ann. § 2-6201) allowing the county to tax for any public "purpose" necessarily means that the trial court may not hold that the power to tax within a specified district must be tied to a specified service. This argument confuses "purposes" with "areas"—a distinction which we have previously drawn in *Richmond County Business Assn. v. Richmond County,* 232 Ga. 462 (207 SE2d 450) (1974).

As we recognized in *Decatur Tax Payers League v. Adams,* 236 Ga. 871 (226 SE2d 69) (1976), inequality among taxpayers in the same taxing authority with respect to the distribution of benefits is not unconstitutional; but discrimination in the imposition of taxes violates uniformity, and the latter is what appears here. The flaw of nonuniformity in the Act is succinctly stated by appellants themselves at page 28 of their brief: "The rollback by the county government applies only to county taxes outside the city, and the millage rate after the first year will always be different as between the city residents and the county residents living outside the city, with the millage rate of the city residents always being higher [for the identical services]."

2. Having determined the unconstitutionality of the differential rollback provisions of the Act, we must next

decide whether the invalid portions should be excised, leaving the remainder, or whether the entire Act must fall. The general rule was well stated in *Elliott v. State*, 91 Ga. 694, 696 (17 SE 1004) (1892): "When a statute cannot be sustained as a whole, the courts will uphold it in part when it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment, if, after the objectionable part is stricken, enough remains to accomplish that purpose. But if the objectionable part is so connected with the general scope of the statute that, should it be stricken out, effect cannot be given to the legislative intent, the rest of the statute must fall with it." We have applied this test in such cases as *Reed v. Hopper,* 235 Ga. 298 (219 SE2d 409) (1975), and *Fortson v. Weeks,* 232 Ga. 472, 474-475 (208 SE2d 68) (1974), in which we upheld the valid portions of the campaign disclosure Act and the habeas corpus Act. We applied it in *Murphy v. State of Ga.,* 233 Ga. 681 (212 SE2d 839) (1975), in which we struck down the entire State Properties Code in which we found that severance of the invalid part would thwart the prime legislative intent.

The *Elliott v. State* test is applicable even where an Act has a severability clause although it is a factor to be considered in applying the test. *Rich v. State of Ga.,* 237 Ga. 291, 303 (227 SE2d 761) (1976); *Rutledge v. Gaylord's, Inc.,* 233 Ga. 694, 696 (213 SE2d 626) (1975). In our opinion, when the unconstitutional provisions of this Act are removed, the remainder of the Act is sufficient to preserve the legislative scheme.

We will not consider the issue, sought to be raised by appellants for the first time on this appeal, that the Georgia Constitution is violated by the Act's grant to a municipal government of tax funds resulting from a levy by a county government.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Hall, J., who dissent as to Division 2 and the judgment, and Marshall, J., who dissents as to Division 1 and the judgment.*

ARGUED JUNE 12, 1978 — DECIDED OCTOBER 3, 1978 — REHEARING DENIED OCTOBER 16, 1978.

*Powell, Goldstein, Frazer & Murphy, Nicholas P. Chilivis, Philip J. Marzetti, McCamy, Minor, Phillips & Tuggle, Daniel T. Strain, Jr., John T. Minor, III,* for appellants.

*Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General, Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates,* for appellees.


HALL, Justice, dissenting as to Division 2 and the judgment.

While I concur with Division 1 of the majority opinion holding the rollback provisions unconstitutional, I cannot agree with the holding in Division 2 that once the unconstitutional provisions of the Act are removed there is enough remaining to preserve the legislative referendum scheme. We must always remember that we are a court of law and not a super-legislative body.

Applying the *Elliott v. State* test, supra, I conclude that the entire Act must fall because absent the differential rollback provision which we have held invalid, the purpose of the legislature is impossible for me to divine. Numerous parties and amici curiae have filed briefs in this case, and though there is consensus among them that some ad valorem tax relief was intended by the legislature, the intended formula for distribution of those benefits is variously interpreted and strongly contested. I cannot substitute my judgment for the legislature's and rewrite this statute extensively, as we have been urged to do and as the majority opinion does. The differential rollback provision lies at the heart of the legislature's purpose. As it cannot stand, neither should the remainder of the Act.

Of conclusive importance to this point is the fact that the tax Act in question was imposed pursuant to a referendum. That means that the Whitfield County taxpayers who voted for or against the local option sales tax did so on the basis of the rollback provisions as drafted

by the legislature. If those rollback provisions are void and must be changed, how can we say how the voters would have voted upon a substitute proposal. In any event the provisions should not be rewritten by this court, for to do so would thwart the intention of the voters as expressed in the referendum results.

Furthermore, there is another alleged substantial flaw in the Act which has not been passed upon by either the trial court or by the majority opinion. It is the enumeration of error that the Georgia Constitution is violated by the Act's grant to a municipal government of tax funds resulting from a levy by a county government. If that provision should also fall, the Act would be without question in utter shambles.

In my opinion the Act should fall in its entirety.

MARSHALL, Justice, dissenting.

I dissent as to Division 1 of the majority opinion and the judgment affirming the trial court.

In my opinion the majority has taken a narrow, technical and erroneous view of the effect of the Act in question.

Construing the Act as a whole, it simply authorizes the imposition of an additional 1% sales tax on residents of a county, after approval in a referendum, with the proceeds from such tax to be used for reduction of ad valorem taxes.

The majority holds that the method used to accomplish such reduction, when there are municipalities within the county, of dividing the money obtained from the sales tax between the county government and municipal government by creation of a special taxation district violates the uniformity requirement of Code § 2-4603. I disagree. This is simply the method used to accomplish the distribution of sales tax funds and consequent reduction of ad valorem taxes.

Perfect uniformity in imposition of taxes is impossible of achievement, and the method provided by this Act is fair and reasonable for rural and urban taxpayers.

The result of the majority decision is to destroy any semblance of uniformity of taxation throughout a given

county, since urban taxpayers will now receive two reductions or rollbacks of ad valorem taxes, and rural taxpayers will receive only one.

I respectfully dissent.