## 37455. DeKALB COUNTY v. CITY OF DECATUR et al.

UNDERCOFLER, Justice.

DeKalb County appeals from a judgment invalidating on constitutional grounds a resolution to levy property taxes. We reverse.

Paragraph three of the resolution provides in relevant part that "A tax of $10.16 on the $1,000.00 assessed valuation is levied on all property in said County, taxable for General County Purposes to pay expenses of administration of County Government; build and repair public buildings and bridges; pay expenses of Courts, Sheriffs, Coroners, litigation and support of prisoners; pay County Police; provide public parks and libraries, pursuant to. . . ."

The cities of Decatur, Avondale Estates, Chamblee, Clarkston, Doraville, Lithonia, Pine Lake and Stone Mountain, together with certain individual taxpayers resident in those municipalities and an association of taxpayers, sought a judgment invalidating paragraph three of the resolution on the ground of its conflict with a local amendment (Ga. L. 1978, p. 2468) to Art. IX, Sec. IV, Par. II of the Constitution of Georgia (Code Ann. § 2-6102) establishing "special services tax districts." The municipalities and their taxpayers alleged that "Paragraph (3) of DeKalb County tax levy Resolution constitutes double taxation against taxpayers in such special services tax districts because such taxpayers are taxed by the municipality for governmental services provided by the municipality and are also taxed by DeKalb County, Georgia, which does not provide governmental services included in the county tax levy."

The local amendment first defines the terms "special services tax district" and "district services," the former being each munic-

ipality in DeKalb County and the latter being (1) police protection, (2) street and road maintenance, (3) parks, recreational areas, programs and facilities, and (4) storm water collection and disposal systems, as well as certain other governmental services not presently in issue. The substance of the amendment is to be found within this single sentence: "Effective January 1, 1980, and thereafter, the governing authority of DeKalb County shall assess, levy and collect ad valorem taxes and collect service charges and fees for the provision of district services within a special services tax district only in accordance with the kind, character, type and degree of district services provided by the county within such special services tax district or in accordance with a contract entered into between DeKalb County and the municipality constituting such special services tax district."[1]

The court heard testimony in behalf of DeKalb County as to precisely how the tax was calculated, and heard testimony in behalf of the municipalities and their taxpayers as to how they insist the taxes should have been computed to comply with the amendment.

The court found as facts that DeKalb County provides within the municipalities district services of varying kind, character, type and degree; that the kind, character, type and degree of district services provided by DeKalb County within each of the municipalities can be identified and determined; that the costs of these district services varies between municipalities but can be determined. The court concluded that the tax resolution fails to comply with the local amendment because it "fails to assess, levy and collect taxes in accordance with the kind, character, type and degree of district services provided by the county in special services tax districts."

The court held that the local amendment was binding on the county and directed the county to comply with its provisions.[2]

1. We disagree with the county's contention that the local amendment is not self-executing and should not be given any force and effect until workable implementing legislation is enacted. The amendment states, "The provisions of this paragraph are self-executing and shall control ad valorem taxation and the collection of service charges and fees for the provision of district services within special services tax districts by the governing

---

[1] No contract as contemplated by the amendment has been entered into between DeKalb County and any municipality in DeKalb County.

[2] The present case is a continuation of the controversy involved in *Decatur Tax Payers League v. Adams,* 236 Ga. 871 (226 SE2d 69) (1976).

authority of DeKalb County in the absence of a legislative act of the General Assembly. . . ." Ga. L. 1978, pp. 2468, 2470. We hold that the local amendment is self-executing at least to the extent that it establishes the special services tax districts and provides for ad valorem taxation to support the provision of district services within the special services tax districts.

2. The only constitutional challenge to the local amendment that was properly and timely raised in the trial court was that it violates the mandate of Art. VII, Sec. I, Par. III of the Constitution of Georgia (Code Ann. § 2-4603) that "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."[3] DeKalb County contends that the purpose of the local amendment is to use the device of special tax districts to roll back County taxes for only those taxpayers who reside in the municipalities, or to surreptitiously grant those taxpayers an exemption from taxation. *Atlanta Nat. Bldg. &c. Assn. v. Stewart,* 109 Ga. 80 (35 SE 73) (1899). The municipalities and their taxpayers strenuously deny that they are seeking tax roll backs or exemptions and contend, instead, that they merely seek compliance with the local amendment. Nevertheless, the enforcement of the amendment in the manner sought by the municipalities and their taxpayers and as ordered by the trial court would result in a reduction of ad valorem taxes paid by county taxpayers who reside within the municipalities.

However, we need not reach the constitutional challenge because the local amendment is susceptible of a construction which harmonizes it with the general constitutional provision rather than bringing the two provisions into confrontation with each other. Notably, the amendment does not expressly and distinctly exempt county taxpayers whose properties lie within municipalities from the payment of county-wide taxes for the support of county government services provided outside of municipalities to *all* county residents whether they reside inside or outside of municipalities. County taxpayers residing in municipalities enjoy the use of DeKalb County parks, roads and other facilities, and the protection of the DeKalb County police, while they are going about their business or enjoying their leisure time outside the boundaries of the municipalities in which they reside. Neither does the local amendment expressly and distinctly state in its body that only those properties located within the boundaries of municipalities shall be made liable for the payment of ad valorem taxes to support district services provided within

---

[3] The tax uniformity clause has been construed in *Decatur Tax Payers League v. Adams,* supra, and in *Hutchins v. Howard,* 211 Ga. 830 (89 SE2d 183) (1955).

special services tax districts. This construction harmonizes the local amendment with the special services district provisions of Art. IX, Sec. IV, Par. II of the Constitution (Code Ann. § 2-6102) except to the extent that the local amendment mandates rather than merely authorizes or permits the establishment of the districts. *Martin v. Ellis,* 242 Ga. 340 (249 SE2d 23) (1978); *Decatur Tax Payers League v. Adams,* supra at p. 872; *McLennan v. Aldredge,* 223 Ga. 879, 884 (159 SE2d 682) (1968).

A preference for a construction harmonizing the two constitutional provisions also results from an application of the precept that any ambiguity as to whether the provision creates an exemption from taxation will be construed against the taxpayer or, stated otherwise, an exemption from taxation must be created expressly and distinctly and will not arise by implication. *Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691 (75 SE2d 550) (1953).

The decision of the trial court in fact, albeit not in express terms, mandated an exemption or roll back of county taxes only for those county taxpayers whose properties subject to ad valorem taxation are situated within municipalities located in DeKalb County. The intention of the General Assembly and of the people of DeKalb County to provide such a tax roll back or exemption is not expressed distinctly in the local amendment and will not be held to arise by implication.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 16, 1981.

*Robert H. Walling, Gail C. Flake, Jeffrey S. Muir,* for appellant.

*Thomas O. Davis, McCurdy & Candler, John Walter Drake, A. Joseph Nardone, Jr., John F. Manning, George G. Chenggis, Stephen M. Pavuk, Edward E. Carter, Swertfeger & Scott, William D. Strickland,* for appellees.

*Trotter & Zachry, William P. Trotter,* amicus curiae.