The Honorable Tim Wooldridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Wooldridge:
This is in response to your request for an opinion regarding a certain tax levy in the City of Paragould for a cable television system. This is a follow-up question to Attorney General Opinion 94-340, which addressed the levy of this tax in newly annexed areas of the city. You now state that the area in question was actually incorporated into the city in 1974, and that it has been determined that the annexed area is "an unfeasible area in which to extend the cable service." Your specific question is as follows:
 [S]hould the City of Paragould be able to levy a tax against residents in the proposed area, which was annexed in 1974, even though residents in that area will never receive the cable service?
I assume that your question in this regard is whether the tax may lawfully be levied against the residents under these circumstances. It is my opinion that the answer to this question will in all likelihood depend upon the particular facts surrounding the tax levy. It has been stated, generally, that if the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie.[1] See Pledger v. FeatherlitePrecast Corp., 308 Ark. 124, 129, 823 S.W.2d 852 (1992). Illegal exaction challenges have been upheld, however, where there has been a failure of purpose, notwithstanding the legality of the initial levy. See, e.g.,Hasha v. City of Fayetteville, 311 Ark. 460, 845 S.W.2d 500 (1993) andHartwick v. Thorne, 300 Ark. 502, 780 S.W.2d 531 (1989).
With regard to the cable tax in this instance, whether a "failure of purpose" (Hasha, supra, 311 Ark. at 468) can be shown will depend upon all of the particular facts and circumstances surrounding the election at which the tax was approved, and the current extension of service by the city. If it can be successfully alleged that the purpose of the tax has failed, it seems that an "illegal tax" exaction challenge will lie. This matter is properly referred to private counsel for a complete analysis of this potential basis for redress.
If a suit for illegal exaction will not lie, the taxpayer is relegated to statutory relief.[2] Pledger, supra. I have found no statutory basis for a challenge under these circumstances. As an alternative to a tax challenge, the residents may wish to explore possible means of forcing the city to extend the cable service. A mandamus action might offer a potential avenue for such a challenge. The necessary factual and legal review in this regard should again, however, be undertaken by private counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] If the tax is illegal, a court will enjoin the collection of the tax as a so-called "illegal exaction" under Article 16, Section 13 of the Arkansas Constitution.
[2] I have also considered the constitutional requirement that ad valorem taxes must be "equal and uniform." Ark. Const. art. 16, § 5. It is generally held, however, that constitutional provisions requiring equality and uniformity relate to the levy of taxes, and not to the distribution or application of the tax proceeds. 84 C.J.S. Taxation § 34 (1954); Decatur Taxpayers League, Inc. v. Adams, 236 Ga. 871, 873,226 S.E.2d 69 (1976) (holding that "there is no requirement that the persons paying the taxes receive equal benefit from the facilities for which the taxes are used.")