## STEWART *et al. v.* COUNTY OF BACON *et al.*

1. The court did not err in overruling the motion for a continuance.

2. The court did not err in overruling the demurrer filed by the intervenors to the petition of the solicitor-general for the validation of certain bonds, raising the question as to the sufficiency of the petition.

3. The registration lists of voters prepared under the provisions of the act relative to the registration of voters in elections to incur debts by counties, approved August 18, 1916 (Georgia Laws 1916, p. 138) were properly furnished to the managers of the election held in Bacon county to determine whether that county could issue the bonds in controversy here.

4. The provision in the amendment to the constitution proposed by the legislature at its annual session of 1916 (Georgia Laws 1916, p. 17) and subsequently ratified by the people at the general election of the same year, declaring that "The County of Bacon is hereby authorized to create a bonded debt not to exceed one hundred thousand dollars ($100,000), for public improvements in said County of Bacon, by the consent of the majority of the regular qualified voters of said County of Bacon voting at an election for that purpose," and that "That said election to create said debt shall be held under the law now in force, for creation of the debt," is not invalid because in conflict with the existing provisions of the constitution in reference to the creation of bonded debts by counties, and was controlling at an election held subsequently to the ratification of the proposed amendment for the purpose of authorizing the issuance of bonds for public improvements in an amount not exceeding that fixed by the amendment.

5. There is no merit in the contention that the act of the General Assembly approved August 18, 1916, in regard to the registration of voters in elections to incur debts by counties (Georgia Laws 1916, p. 138), is invalid on the ground that it is in "conflict with article 7, section 7, paragraph 1, of the constitution of this State, in that it provides that a county may create a debt without the assent of two thirds of the qualified voters thereof voting in favor of the creation of the debt at an election held for that purpose." It is not unconstitutional for the reason assigned, as it does not contain the obnoxious provisions recited in the assignment of error.

No. 618. MAY 15, 1918.

Validation of county bonds. Before Judge Summerall. Bacon superior court. July 27, 1917.

The solicitor-general of the Waycross judicial circuit, in the name of the State of Georgia, filed a petition against the County of Bacon, in accordance with the provisions of § 446 of the Code, prescribing the duties of the solicitor-general in proceedings for the validation of bonds; and a rule nisi having been granted thereon, calling upon the County of Bacon by its proper officers to show cause at the time and place specified in the order why the prayers of the petition should not be granted, the County of Bacon through its attorney at law made answer to the application, and filed the answer, with various exhibits attached thereto, including the certificate of the ordinary of the county, showing the total number of qualified voters who had registered and qualified to vote in the election creating the bonded indebtedness in question. At the time and place fixed in the rule nisi for the hearing, John L. Stewart and certain other citizens and taxpayers of Bacon County presented and had filed their intervention and prayer to be made parties defendant in the case, in opposition to the validation of the bonds mentioned in the petition for validation; and the prayer of Stewart and others to be allowed to intervene was granted. The intervenors filed their demurrer to the petition, and excepted to the judgment overruling their demurrer. The judge thereupon rendered judgment and passed an order validating the bonds in question, and this was excepted to by intervenors.

*J. C. Bennett* and *W. W. Bennett,* for plaintiffs in error.

*M. D. Dickerson, solicitor-general,* and *Causey & Tuten,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The court did not err in overruling the motion for a continuance, based upon the ground that the leading counsel for the

intervenors was absent and that he was in attendance as a member of the General Assembly of this State, then in session. The evidence in the record is insufficient to show that the member of the General Assembly referred to was in fact the leading counsel for intervenors.

2. The judge properly overruled the demurrer to the petition in this case. A comparison of the petition with the provisions of §§ 445 and 446 of the Code, relating to the validation of bonds of counties and municipalities, and prescribing the duties of the solicitor-general and the character of the petition to be filed by him, as well as its scope, will show that the criticism upon the sufficiency of the petition filed by the solicitor-general was without merit.

3. We can not agree with the contention of counsel that the election in question was invalid because the registration lists which were furnished to the managers of the election were made and furnished under the provisions of the act of the legislature providing for the registration of voters on elections to incur debts by counties, approved August 18, 1916 (Georgia Laws 1916, p. 138). The list made under the provisions of the act last referred to was a proper list to be furnished to the managers' of the election. The provisions of that act were applicable to the election to determine the question of issuing the bonds in controversy. It is true that in a certain particular the election in Bacon County differs from the election generally held in counties under the provisions of article 7, section 7, paragraph 1, of the constitution of this State, because under a constitutional provision specially applicable to Bacon County a majority of the qualified voters voting at such election could authorize the issuance of the bonds, while under the provisions of the paragraph of the constitution last referred to it is necessary that the assent of two thirds of the qualified voters shall be had to authorize the creation of a bonded debt. The title of the act in question is as follows: "An act to provide for a special registration for any election of the people in any county of this State for the purpose of determining the question whether said county shall incur a debt within the meaning of paragraph 1, section 7, article 7 of the constitution of the State of Georgia; to provide how such election shall be called and held, and for other purposes." Construing the provisions of the act and

the title together, it is clear that it was intended by the legislature to make it applicable to that class of elections for which provision is made in paragraph 1, section 7, article 7 of the constitution. And the mere fact that in the election held to determine this question in Bacon County a different proportion of the qualified voters can authorize the creation of a bonded debt from that required in the other counties of the State does not take the election held in Bacon County out of that class of elections referred to in the paragraph of the constitution just referred to.

4. At the 1916 session of the General Assembly of this State an amendment was proposed to the constitution of the State, which contains, among others, the following provision applicable to Bacon county: "That said County of Bacon is hereby authorized to create a bonded debt not to exceed one hundred thousand dollars ($100,000) for public improvements in said County of Bacon, by the consent of the majority of the regular qualified voters of said County of Bacon voting at an election for that purpose. That said election to create said debt shall be held under the law now in force, for creation of the debt." The act proposing this amendment was passed August 18, 1916, and was subsequently ratified by the people in a general election held in November, 1916. This amendment fixes in our constitution the provision that a bonded debt for the purposes specified can be created in Bacon County by the assent of a majority of the qualified voters voting at the election. We do not feel called upon to discuss here the wisdom of injecting into the constitution special provisions applicable only to certain parts of the political divisions of the State. The question involved was one primarily for the legislature to consider, and then for the people to determine. They determined it in a constitutional manner; and the amendment proposed, having been ratified by the people, became effective and controlling upon the question of creating a bonded debt not to exceed $100,000 for public improvements in the County of Bacon. The fact that the provisions of this amendment to the constitution differ radically from the provisions of an existing part of the constitution does not render it ineffectual or invalid. It was the last pronouncement of the constitution-making power—the people, and prevails over existing provisions in the constitution upon the same subject where it comes in conflict with them.

5. The ruling made in the fifth headnote requires no elaboration. There was no merit in the assignments of error not dealt with.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*