### 38359. SIMS et al. v. TOWN OF BALDWIN et al.
### 38360. SIMS et al. v. GRIFFIN et al.

GREGORY, Justice.

At its 1980 session the General Assembly passed a resolution proposing two local amendments to the Georgia Constitution directly affecting Habersham County. The first, upon ratification, authorized "the Board of Education of Habersham County to direct the governing authority of Habersham County to impose throughout the entire county certain excise taxes on alcoholic beverages sold within Habersham County and to authorize said Board to receive funds derived from such taxes and expend same for educational purposes within the Habersham school district." Ga. Laws 1980, pp. 2280 et seq. The second resolution authorized, upon ratification, "an exemption [within certain restrictions] from all Habersham County ad valorem taxes for school purposes on the full value of the homestead . . . for each resident who is 65 years of age or over and each resident who is totally disabled." Ga. Laws 1980, pp. 2283 et seq. Both proposed local amendments were submitted to the voters of Habersham County at the 1980 general election, and both were adopted by a majority of voters in Habersham County. Code Ann. § 2-6901; Ga. Laws 1981, p. 2174.

Following certification of the election results, the Board of Education of Habersham County adopted a resolution directing the Board of Commissioners to impose the excise taxes on alcoholic beverages as authorized by the local amendment. Ga. Laws 1980, p. 2280. The Board of Commissioners adopted a resolution making the

excise taxes effective April 1, 1981. Prior to the effective date of the taxes, appellees filed separate suits in superior court, seeking to have this local amendment declared unconstitutional under the due process and equal protection clauses of the 14th Amendment. The cases were consolidated for trial. The trial court determined that the local amendment violated the 14th Amendment to the U. S. Constitution and permanently enjoined the collection of the taxes. This appeal followed.

(1) The procedure for amending the Georgia Constitution, either by general or by local amendment, is set out in Art. XII, Sec. I, Par. I of the Georgia Constitution, Code Ann. § 2-6901. The Georgia Constitution requires the General Assembly to approve a resolution to propose an amendment to the Constitution by the votes of two-thirds of the elected members of each branch. Then the "Governor, the Attorney General, and the Secretary of State shall meet and determine whether a proposed amendment is general, and if not general, shall determine what political subdivision or subdivisions are directly affected by such proposed amendment." If the proposed amendment is general, it must be published in one newspaper of general circulation in each Congressional District in the state once weekly for three consecutive weeks preceding the election at which it is to be submitted. If the proposed amendment is local, it need only be published for three consecutive weeks "in the newspapers of general circulation in each county in which the directly affected political subdivision or subdivisions are located." A general amendment must be submitted "to the people of the entire State," while a local amendment "shall only be submitted to the people of the political subdivision or subdivisions directly affected." In either case the proposed amendment must be ratified by a majority of the electors before it becomes a part of the Constitution.

The tendency to amend the Georgia Constitution by amendments which apply solely to an isolated political subdivision of the State has met considerable criticism. It has been calculated that between 1947 and 1967, the Georgia Constitution was amended 549 times; 466 of these amendments had local application only.[1] In 1980, 104 local amendments were made to the Georgia Constitution. See Ga. Laws 1981, pp. 2155-2187. In *Roberts v. Suttles,* 212 Ga. 138, 141-2 (91 SE2d 32) (1956), this court cautioned "that [the local amendment] is a very dangerous way in which to deal with the

---

[1] Pound and Saye, *Handbook on the Constitutions of the United States and Georgia* (1967), p. 72. In this regard see Professor Saye's article, "Constitutional Law," 12 Mercer Law Review 28 (1960); 5 EGL, Constitutional Law, § 58, p. 362.

fundamental law of our State, and that the Constitution is rapidly becoming a hodge-podge of so-called general provisions with local application . . . [T]he fundamental law of our State, the Constitution, by this method is being undermined and destroyed. We, however, have no legislative authority, and when the General Assembly proposes to the people of Georgia an amendment to the Constitution, and it is duly approved, it becomes binding upon this court and we can do nothing but give it effect."[2]

(2) (a) In an order making lengthy findings of fact, the trial court determined that, if imposed, the excise tax would raise the malt beverage tax in Habersham County to the highest such tax in the United States; that only three municipalities in Habersham County authorize the sale of alcoholic beverages; that the unincorporated areas of Habersham County do not authorize the sale of alcoholic beverages; that sales of alcoholic beverages in Habersham County will decline "50-55%" if the tax is imposed; and that all residents of Georgia will be "irreparably damaged" by being required to pay a higher tax on alcohol when purchased in Habersham County than when purchased in any other county in the state. The trial court also found that the local amendment classifies Habersham County in a manner different from all other counties in the state, and imposes a burden on those who sell and purchase alcoholic beverages in Habersham County which is not imposed on similarly situated sellers and purchasers located elsewhere in the state. The trial court determined that "since the Defendants [appellants] have pointed out no unique need or other characteristic possessed by Habersham County which distinguishes the County from other counties of the State and justifies special classification . . . the additional excise tax on alcoholic beverages levied pursuant to the Proposed Amendment denies equal protection of the laws under the United States Constitution."

(b) We note at the outset that the trial court erred in placing the burden of showing the reasonableness of the local amendment on the appellants. "[I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification . . . There is a presumption of constitutionality which can be overcome 'only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes' . . . The burden is on the one attacking the legislative arrangement

---

[2] We acknowledge, however, that any amendment, general or local, to the Georgia Constitution must not violate the mandates of the United States Constitution. See, e.g. *Richmond County v. Richmond County Business Assn.,* 228 Ga. 281 (185 SE2d 399) (1971).

to negative every conceivable basis which might support it." Lehnhausen v. Lake Shore Auto Parts Co., 410 U. S. 356, 364 (93 SC 1001, 35 LE2d 351) (1973), rehearing denied 411 U. S. 910 (1973); Madden v. Kentucky, 309 U. S. 83 (60 SC 406, 84 LE 590) (1940). Thus, while it was not the legislature, but the electors of Habersham County who classified the county in a manner different from other counties in the state, the burden at trial was on appellees to "negative every conceivable basis which might support" the local amendment. Lehnhausen, supra, at 364.

(c) At trial appellants maintained that in proposing the local amendment the legislature intended to insure that revenues generated from the excise taxes on alcoholic beverages would offset the deficit created in ad valorem school taxes by the simultaneously proposed homestead exemption. Therefore, appellants urged, the classifications created by the local amendment authorizing an excise tax on alcohol were "founded on material differences and substantial distinctions which bear a proper relation to the matters . . . dealt with by the [amendment] and to the purpose sought to be accomplished." *Richmond County v. Richmond County Business Assn.,* 228 Ga. 281, 283 (185 SE2d 399) (1971). Appellants argue that the classification is thus valid under the equal protection clause. For the reasons set out below, we agree with appellants that the local amendment does not classify Habersham County in a manner violative of the equal protection clause.

We have outlined above the procedure by which the Georgia Constitution may be amended by an amendment which "directly affects" a single county or other political subdivision of the State. Code Ann. § 2-6901. Each time the electors of a county vote to adopt a local amendment directly affecting that county, they classify their county in a manner different from other counties in the State. The fact that the Georgia Constitution is different in Habersham County than it is in any other county in the State is inescapable.[3] The Constitution provides that a local amendment shall apply only to the political subdivision "directly affected" by the amendment. Ga. Const. Art. XII, Sec. I, Par. I; Code Ann. § 2-6901. Conversely, counties or other political subdivisions outside the territorial application of the amendment are not "directly affected" by the

---

[3] In 1980 the General Assembly proposed a local amendment authorizing the imposition of excise taxes on alcoholic beverages in Towns County which was identical to the local amendment ratified in Habersham County. Ga. Laws 1980, pp. 2029 et seq. However, the electors of Towns County voted to not adopt the amendment. Ga. Laws 1981, pp. 2182-3.

amendment. If a local amendment is otherwise valid under Code Ann. § 2-6901, there can be no claim that the amendment violates equal protection of the laws because it classifies a county in a manner different from other counties in the state. By local ordinances or pursuant to the authority of the County Home Rule Amendment, a county may classify itself in a manner different from all other counties in the state. The fact that County A authorizes the sale of liquor while County B does not does not mean that County B has been denied equal protection of the laws. Likewise, the fact that the electors of Habersham County have amended the Georgia Constitution to affect Habersham County in a manner in which other counties have not amended the Constitution does not state an equal protection claim. An equal protection issue arises when the local amendment attempts to classify similarly situated persons or property within the political subdivision directly affected by the amendment in an arbitrary manner. Thus we hold the trial court erred in concluding that the local amendment classifies Habersham County in a manner violative of the equal protection clause.

(d) Appellees also argue that the local amendment creates an impermissible classification by placing a higher tax on liquor sold in that portion of the City of Baldwin located in Habersham County than that portion of the City of Baldwin located in Banks County. "It has been held that so long as the law operates alike on all members of the class, which includes all persons and property similarly situated, it is not subject to any objection that it is special or class legislation." *McLennan v. Aldredge,* 223 Ga. 879, 886 (159 SE2d 682) (1968). The "class" to which the local amendment applies in this case, as found above, is Habersham County. Clearly the local amendment applies only within Habersham County's territorial limits. Appellees concede that all liquor sold within Habersham County is uniformly subject to the excise taxes authorized by the local amendment. Thus, while the effect of the excise taxes may be to raise the price of liquor in Habersham County higher than in other counties, all similarly situated persons and property within the county are treated equally. We find no violation of equal protection.

(3) While appellees urge that the local amendment violates the due process clause of the 14th Amendment, they have articulated no rationale under which the due process clause is applicable. Therefore, we do not reach this argument. See, *Ingalls Iron Works v. Chilivis,* 237 Ga. 479 (228 SE2d 866) (1976).

(4) The trial court determined that the challenged local amendment "affects all citizens of this State" and, as such, was a general rather than local amendment. The trial court concluded that since the amendment was not advertised throughout the state nor

voted on by the entire state it was not lawfully ratified as required by Code Ann. § 2-6901. We do not agree. While it is true that persons residing outside Habersham County may purchase alcoholic beverages there and thus be subject to a higher tax than elsewhere in the state, it is clear that the proposed amendment is a local amendment within the meaning of Code Ann. § 2-6901. Habersham County is the political subdivision "directly affected," and the amendment was properly submitted to Habersham county voters alone. Thus the trial court erred in determining, that because the amendment was not submitted to the entire state, it was not properly ratified.

(5) The only alcoholic beverages sold in Habersham County are sold in the towns of Baldwin, Mt. Airy and Clarkesville. The trial court found that "the amendment taxes only the citizens of Baldwin, Mt. Airy and Clarkesville while allowing the residents of the other areas of the county to receive the same benefits as those within these municipalities but not pay the same tax." Relying on *City of Lithonia v. DeKalb County Bd. of Education,* 231 Ga. 150 (200 SE2d 698) (1973), the trial court determined that allowing the residents of the unincorporated areas of the county to vote to impose a tax on the residents of the municipalities violates equal protection of the laws. The trial court's reliance on this case is misplaced. In *City of Lithonia,* alcoholic beverages were sold both in the municipalities of DeKalb County and in unincorporated DeKalb County. Lithonia challenged the propriety of the ratification of a local amendment authorizing the imposition of an excise tax on the sale of alcoholic beverages throughout the county. The local amendment provided that half of the revenues generated from this tax were to be used to "provide local education." 231 Ga. at 151. Lithonia contended that the amendment could not be validly ratified without the approval of the majority of voters in each municipality in DeKalb County. We rejected this argument, finding "[t]he proposed amendment could not have been properly submitted [to the voters] in this manner. It would have permitted the municipalities situated in the school districts to reject it, while permitting the licenses and taxes to be levied in the unincorporated areas of DeKalb County. Such a result would be a patent violation of the due process and equal protection clauses of the State and Federal Constitutions by taxing only the citizens of unincorporated DeKalb County while allowing the residents of the municipal areas therein to receive the same benefits as those in the unincorporated areas, but not pay the same tax." 231 Ga. at 153. Our determination that separate tabulations of the votes would violate equal protection was based on the fact that liquor was sold in *both* the municipalities and the unincorporated areas of

DeKalb County. If the municipalities were permitted to sell liquor tax-free but to reap the benefits from taxes imposed on liquor in the unincorporated areas of the county, a violation of equal protection would result. All similarly situated property would not be taxed in the same manner. In this case, however, all liquor sold in the county will be uniformly taxed under the local amendment. The fact that liquor is not sold in the unincorporated areas of Habersham County does not, without more, illustrate a violation of equal protection. Any resident of Habersham County who purchases alcoholic beverages within the county limits will be required to pay the excise tax; all residents of the county will benefit from the taxes collected on alcoholic beverages. Allied Stores of Ohio v. Bowers, 358 U. S. 522, 526 (79 SC 437, 3 LE2d 480) (1958); Carmichael v. Southern Coal &c. Co., 301 U. S. 495 (57 SC 868, 81 LE 1245) (1937); *Ingalls Iron Works v. Chilivis,* 237 Ga. 479, supra.

(6) Because of the result we reach in this opinion, we do not reach appellants' remaining enumeration of error.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 21, 1982.

*Adams, Ellard & Frankum, Stephen D. Frankum,* for appellants.

*Cathey & Strain, Edward E. Strain III, Dennis T. Cathey, Joseph A. Griggs,* for appellees (case no. 38359).

*K. Morgan Varner III, Thomas J. Wingfield, Herbert H. Gray III,* for appellees (case no. 38360).