*Thomas M. Boyle III,* for appellee.

■

44095. STEGALL v. LEADER NATIONAL INSURANCE
COMPANY.
(353 SE2d 484)

GREGORY, Justice.

The appellant, Deborah Alexander Stegall, was involved in an automobile collision on June 17, 1984. It is undisputed that the automobile insurance policy issued by appellee to appellant expired on May 18, 1984. Appellant filed suit against appellee, seeking lost wages and medical benefits under the personal injury protection (PIP) coverage of the policy as well as bad faith penalties and attorney fees. Appellant maintained in the trial court that appellee's failure to timely deliver written notification of the non-renewal of her policy as required by OCGA § 33-24-45 resulted in continued coverage under her policy at the time of the collision. Additionally appellant took the position that OCGA § 33-24-45 (a), as it existed at the time of the collision, was unconstitutional. The trial court granted appellee's motion for summary judgment, and we affirm.

1. Appellant argues that her insurance policy was automatically renewed by appellee's failure to give notification of non-renewal. For the purposes of this appeal appellee concedes that the notification required by OCGA § 33-24-45 was not delivered to appellant.

At the time of the collision OCGA § 33-24-45 (a) provided, "[t]his Code section shall apply *only* to those portions of an automobile policy which relate to bodily injury and property damage liability, medical payments, physical damage and uninsured motorists' coverage." (Emphasis supplied.) At the time of the appellant's collision the automatic renewal provisions of the statute did not apply to that portion of an automobile policy relating to personal injury protection coverage. Therefore even if appellant is correct in asserting that the appellee's failure to comply with OCGA § 33-24-45 resulted in the automatic renewal of her policy, such renewal would not apply to a portion of the policy relating to personal injury protection.

2. The statute as it existed at the time of the collision divided automobile policies into two parts. The first concerns those portions of the policy which relate to bodily injury and property damage liability, medical payments, physical damage, and uninsured motorists' coverage. The other part concerns those portions of the policy which contain any other coverage. PIP is in the second part; it is another coverage.

Appellant seeks to recover medical expenses under the PIP coverage of her policy. She would have us treat this as "medical pay-

ments" coverage within the meaning of the statute. They are, however, two separate coverages. Medical payments coverage was a common provision of automobile policies long before the advent of PIP coverage. Though not based on fault it is a separate coverage from "no-fault" PIP similar to collision coverage. See *Carter v. Banks*, 254 Ga. 350 (530 SE2d 866) (1985). Medical payments coverage comes within the provisions of OCGA § 33-24-45 (a) as it existed at the time of the collision, but PIP coverage does not.

3. Appellant states that the possible coverages listed on her policy declarations include property damage liability, medical payments, comprehensive, collision, additional PIP and "Bodily Injury Liability including Basic Personal Injury Protection." Appellant argues that this latter phrase indicates appellee's intent to equate bodily injury liability with PIP, thereby bringing her claim for PIP benefits within the automatic renewal provisions of § 33-24-45 which specifically apply to bodily injury liability coverage.

We point out that appellant's policy of insurance is not in the record before us. It is the language of the statute which appellant has relied upon for automatic renewal. If appellant's contention is that automatic renewal of PIP was a contract provision beyond statutory requirements, proof of the necessary facts is lacking in the record before us.

4. The General Assembly amended OCGA § 33-24-45 (a), effective July 1, 1984, to apply to "those portions of an automobile policy . . . which relate to . . . personal injury protection . . . coverage." Appellant asserts the trial court erred in ruling this amendment could not be applied retrospectively to the facts of her case.

The legislature did not make this statutory amendment retroactive. Had it done so, the constitutionality of the amendment would have been called in question under 1983 Georgia Constitution, Art. I, Sec. I, Par. X which prohibits the passing of "laws impairing the obligation of contract."

5. Last, appellant argues that OCGA § 33-24-45 (a) as it existed at the time of the collision denies her equal protection of the laws because it did not apply to personal injury protection coverage but did apply to other types of coverages.

The equal protection clauses of the federal and state constitutions prohibit the state from creating a classification which arbitrarily divides similarly situated citizens into different classes and treats them differently. *Pace v. Smith*, 248 Ga. 728 (1) (286 SE2d 18) (1982); *Sims v. Town of Baldwin*, 249 Ga. 293 (2) (290 SE2d 433) (1982).

OCGA § 33-24-45 (a) as it existed prior to July 1, 1984 created no such classification among similarly situated persons. All persons were treated equally under the statute. Appellant's argument is that the legislature classified, by inclusion or exclusion, certain insurance cov-

erages under the statute. Without more this does not give rise to an equal protection violation.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 1987.

*Hazelton & Sweet, William L. Hazelton,* for appellant.

*Long, Weinberg, Ansley & Wheeler, K. Marc Barre, Jr.,* for appellee.