S97A1013. COPELAND et al. v. STATE OF GEORGIA et al.
(490 SE2d 68)

THOMPSON, Justice.

Henry County ("County") and the Henry County Water & Sewerage Authority ("Authority"), pursuant to a joint resolution, proposed to issue revenue bonds in the aggregate amount of $45,830,000, to be designated as water and sewerage revenue bonds, Series 1996. The State of Georgia initiated a bond validation proceeding in accordance with the Revenue Bond Law,[1] naming Henry County and the Authority as defendants. Appellants herein consist of a group of Henry County taxpayers who reside within the incorporated areas of Henry County and who intervened in the proceedings below.[2] The trial court validated the Series 1996 revenue bonds; denied each objection asserted by intervenors; and dismissed the intervention. In this appeal, intervenors challenge the constitutionality of a local amendment to Art. VII, Sec. IV, Par. II of the 1945 Georgia Constitution; and they take issue with the trial court's conclusion that the proposal to issue the Series 1996 bonds is sound, reasonable, and feasible. For the reasons which follow, we affirm.

In 1968, Henry County electors, voting in a referendum, ratified a local Constitutional Amendment ("Local Amendment") to Art. VII, Sec. IV, Par. II of the 1945 Georgia Constitution, Ga. L. 1968, p. 1739. The Local Amendment authorized the governing authority of Henry County to levy a tax not to exceed two mills per dollar on all taxable property located within the County. The proceeds of the levy were to be used for water and sewerage purposes and to guarantee payment of water or water and sewerage revenue bonds issued by the County

---

[1] OCGA § 36-82-60 et seq.
[2] See OCGA § 36-82-77, which permits intervention by a resident of the governmental body which desires to issue such bonds, and allows an intervenor to appeal from any judgment rendered in the validation proceeding.

and the Authority.

After determining that improvements to the County water and sewerage system are required for the health and welfare of its citizens, the County and Authority proposed the Series 1996 bonds for that purpose. The 1996 resolution provides that monies derived from the two mill tax be deposited into a water and sewerage revenue fund to be expended for the needed improvements, and it proposes to continue the tax until all outstanding bonds have been paid in full.

1. Intervenors contend that the Local Amendment was repealed by implication upon ratification in 1972 of an amendment to the 1945 Constitution ("Amendment 19") (Ga. L. 1972, p. 1552).[3]

Intervenors characterize Amendment 19 as giving counties direct constitutional authority to create special districts for water and sewerage services, and to tax for those services only within the special district. But Amendment 19 also provided in pertinent part that "[i]n addition to and supplementary of any powers now conferred upon . . . any county," counties may provide services including "[g]arbage and solid waste collection and disposal," and "[d]evelopment, storage, treatment and purification and distribution of water."[4] This provision followed:

> Provided, however, that no City or County may exercise any such powers or provide any such service herein listed inside the boundaries of any other local governments except by contract with the City or County affected *unless otherwise provided by any local or special law and no existing local or special laws or provision of this Constitution is intended to be hereby repealed.*

(Emphasis supplied.)

It has long been this Court's position that "repeals of constitutional provisions by implication are not favored by law," *McLennan v. Aldredge*, 223 Ga. 879, 884 (4) (159 SE2d 682) (1968), and will occur only when the old and new provisions "are in irreconcilable conflict, and when they cannot reasonably stand together." Id. See also *Decatur Tax Payers League v. Adams*, 236 Ga. 871 (226 SE2d 69) (1976); *McLucas v. State Bridge Building Auth.*, 210 Ga. 1 (5) (77 SE2d 531) (1953); *DeJarnette v. Hosp. Auth. of Albany*, 195 Ga. 189 (7) (23 SE2d 716) (1942); *Clements v. Powell*, 155 Ga. 278 (116 SE 624) (1923); *Stewart v. Bacon County*, 148 Ga. 105 (4) (95 SE 983) (1918). And

---

[3] Amendment 19 was carried forward in the 1976 Constitution as Art. IX, Sec. IV, Par. II, and in the 1983 Constitution as Art. IX, Sec. II, Par. III.

[4] Amendment 19 was ratified on November 7, 1972, and was added as a new Art. XI, Sec. III, Par. I, to the 1945 Constitution.

constitutional provisions relating to the same subject matter must be construed together and harmonized if conflicts appear. *Decatur Tax Payers League*, supra. See also *McLennan*, supra; *Hammond v. Clark*, 136 Ga. 313 (10) (71 SE 479) (1911).

In *Decatur Tax Payers League*, supra at 872, we rejected the same assertion made here that Amendment 19, added to the 1945 Georgia Constitution as Art. XI, Sec. III, Par. I, set out a "new method of taxation for services, and effected a repeal of pre-existing law which permitted county-wide taxation." We held that there was no repeal by implication because such a construction of Amendment 19, "overlooks the plain words of the provision that the new authority was 'in addition to and supplementary of' any pre-existing powers of local governments." Id. See also identical language in the 1983 Georgia Constitution, Art. IX, Sec. II, Par. III (a). The same logic applies: "[i]t would be totally inappropriate here, where conflict between new and old provisions does not even appear, to rule that the new supplementary powers have ousted the long-standing principles of county-wide taxation for services." *Decatur Tax Payers League*, supra at 873. It follows that the Local Amendment was not repealed by implication by enactment of Amendment 19.[5] Accord *Bd. of Commrs. v. Cooper*, 245 Ga. 251 (1) (264 SE2d 193) (1980) (Amendment 19 is permissive, not mandatory in that it *authorizes* the levy of taxes in special districts to provide the authorized services).

2. Similarly, intervenors submit that the Local Amendment could not maintain existence as a segregable portion of the 1945 Constitution because the constitutional provision to which it was added (Art. VII, Sec. IV, Par. II), was not carried forward to future Constitutions after ratification of Amendment 19. However, the trial court correctly determined that the Local Amendment has been specifically carried forward pursuant to Art. XI, Sec. I, Par. IV of the 1983 Constitution. Under subsection (a) of that provision, local amendments to the Constitution of 1945 are to be continued in full force and effect only until July 1, 1987, at which time such amendments are repealed *unless* (1) "specifically continued . . . by a local law enacted prior to July 1, 1987," or (2) "by an ordinance or resolution duly adopted . . . by the local governing authority in the manner provided for the adoption of home rule amendments to its charter or local act." In compli-

---

[5] We note that on May 1, 1997, Title 36 of the OCGA was amended by striking Chapter 70, relating to coordinated and comprehensive planning by counties and municipalities, and inserting in its place a new Chapter 70. Ga. L. 1997, p. 1567. OCGA § 36-70-20 provides a framework within which local governments in each county can develop a service delivery system which is both efficient and responsive to the needs of its citizens. Under OCGA § 36-70-22, it is required that each local government initiate the development of such service delivery strategy no later than January 1, 1998. OCGA § 36-70-24 (2) includes criteria for the funding of water and sewer services.

ance therewith, local legislation was enacted in 1985 specifically providing for the continuation of the Local Amendment authorizing the two mill tax for "water and sewerage purposes and to guarantee payment of revenue bonds issued by the county and the Henry County Water Authority." Ga. L. 1985, p. 3940. The Local Amendment was thus continued in force and effect as part of the 1983 Constitution under Art. XI, Sec. I, Par. IV (a).

3. Intervenors further contend that levy of the tax within the incorporated areas of Henry County without providing water and sewerage services therein is discriminatory and violates the due process and equal protection clauses of the Georgia and United States Constitutions because it allows citizens within the incorporated areas of the county to be taxed for water and sewerage services that they are not receiving from the County. We disagree.

> "[I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification . . . . There is a presumption of constitutionality which can be overcome 'only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes' . . . . The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it."

*Sims v. Town of Baldwin*, 249 Ga. 293, 295 (2) (b) (290 SE2d 433) (1982), quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U. S. 356, 364 (93 SC 1001, 35 LE2d 351) (1973). An equal protection claim arises when a "local amendment attempts to classify similarly situated persons or property within the political subdivision directly affected by the amendment in an arbitrary manner." *Sims*, supra at 297. And, "[i]t is well established that a taxpayer has no valid equal protection or due process claim merely because he does not receive benefits of tax monies to the same extent as other citizens similarly taxed." *Decatur Tax Payers League*, supra at 873.

In *McLennan*, supra, City of Atlanta residents were being taxed for Fulton County Schools even though children in the City of Atlanta could not attend Fulton County Schools without paying a fee. In upholding the taxing scheme we noted that it "applies equally to all property similarly situated in Fulton County, and the fact that the taxpayers within and without the City of Atlanta pay other and additional taxes for the support of its educational facilities does not render the amendment here in question invalid." *McLennan*, supra at 886.

A classification will not offend the Constitution merely because "in practice it results in some inequality." Id. at 888.

"Since no system of taxation has yet been devised which will return to each taxpayer or class of taxpayers benefits in proportion to the payments made, the courts will not attempt to revise a necessarily complicated system of taxation to produce what might be thought to be a more just distribution of the burdens, and, where no conflict with federal power is involved, a state law will be held to deny equal protection of the laws only where it proposes or clearly results in such palpable inequality between the burden imposed and the benefit received as to amount to the arbitrary taking of property without compensation."

Id. (quoting 16A CJS 399, § 520).

So long as there is a reasonable basis for taxing all county residents for water and sewerage, the classification will be sustained. Id. Henry County produced evidence at the validation hearing that if the two mill tax were not imposed, water and sewer rates would increase by about forty percent, and that such an increase would deter industry and development in the County. It thus established a reasonable basis for its taxing scheme. The fact that taxpayers are assessed for water and sewerage services which they may not receive does not render the Local Amendment invalid. See id. " 'A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.' [Cits.]" *McLennan*, supra at 885.

Furthermore, all citizens of Henry County are uniformly subject to this tax and, therefore, all similarly situated persons and property in Henry County are treated equally. We find no equal protection violation. See *Sims*, supra at (2) (d).

4. Contrary to intervenors' position, the Henry County Amendment is valid despite any conflict with the debt limitations clause, 1983 Ga. Const., Art. IX, Sec. V, Par. I; the general revenue bond provision specifying that revenue bonds are repayable only from project revenues, Ga. Const., Art. IX, Sec. VI, Par. I; and the provision that prohibits gratuities on the part of counties, Ga. Const., Art. IX, Sec. II, Par. VIII.

When an amendment to the Constitution has been proposed by the General Assembly and ratified by the voters, the amendment will not be declared void on the ground that it does not accord with some other provision of the same Constitution. If an amendment, duly adopted, is in conflict with some previous provision, the amendment, being the last expression of the sovereign will of the people, will prevail as an implied modification pro tanto of the former provision.

*Birdsey v. Wesleyan College*, 211 Ga. 583, 586 (87 SE2d 378) (1955) (citing *DeJarnette*, supra at (7)). This means that an amendment will not be ineffectual or invalid merely because it conflicts with existing provisions. *DeJarnette*, supra at (7). See also *Stewart*, supra at (4); *McWilliams v. Smith*, 142 Ga. 209 (1) (82 SE 569) (1914); *Hammond*, supra.

Moreover, bonds issued for financing certain income producing projects and payable solely from income produced thereby are not considered debts with the meaning of Art. IX, Sec. V, Par. I. *City of Valdosta v. Singleton*, 197 Ga. 194 (3) (28 SE2d 759) (1944). Accordingly, the Henry County Amendment is valid although it may conflict with earlier constitutional provisions.

5. Whether the County's bond proposal was sound, reasonable, and feasible is a determination of fact made by the trial court. *Carter v. State of Ga.*, 93 Ga. App. 12 (7) (90 SE2d 672) (1955); *Dade County v. State of Ga.*, 75 Ga. App. 330 (2) (c) (43 SE2d 434) (1947). And the trial court's findings of fact in a bond validation proceeding will not be set aside if there is any evidence to support it. *Alexander v. Macon-Bibb County Urban Dev. Auth.*, 257 Ga. 181 (2) (357 SE2d 62) (1987).

The County produced uncontroverted evidence at the validation hearing that projections by the Atlanta Regional Commission show that the population of Henry County will triple by the year 2020, and that the improvements sought will be necessary to the health and welfare of its citizens. Expert testimony was also produced that the proposal for financing the needed improvements and method of retiring the debt is sound, reasonable, and feasible. Because there is evidence to support the trial court's decision, it will not be disturbed on appeal.

6. Intervenors claim that the engineers' report, which was incorporated into the bond resolution and filed with the validation petition, lacked the statutory requirements of certainty and definiteness. We disagree. It is merely required that the report "shows with reasonable certainty the nature, kind and location of the improvements and describes and defines with reasonable fullness and definiteness the undertaking including the estimated costs thereof." *Carter*, supra at 19. See also *Miller v. State of Ga.*, 83 Ga. App. 135 (2) (62 SE2d 921) (1951). The report in this case meets the statutory requirements. Nor is the rate covenant as proposed in the joint resolution deficient in any manner.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1997.

*Mullins & Whalen, Andrew J. Whalen III, Nancy A. Bradford,* for

appellants.

*Tommy K. Floyd, District Attorney, Thurbert E. Baker, Attorney General, Crumbley & Crumbley, Wade M. Crumbley, Sutherland, Asbill & Brennan, John H. Mobley II, William D. Barwick, James L. Henderson III, Cecil F. Whitaker III, Smith, Welch, Studdard & Brittain, A. J. Welch, Jr.,* for appellees.