### S10A0905. MASTERS v. DeKALB COUNTY BOARD OF TAX ASSESSORS.
#### (703 SE2d 320)

MELTON, Justice.

In 1978, Sandra H. Masters and her husband purchased a home in DeKalb County, and they lived there with their children until they separated in 1992. At that time, Masters' husband moved out of the house, and Masters remained. The parties have lived separately since 1992, but they have never divorced. In 1998, Masters' husband deeded his interest in the house to Masters, and she applied for and received a homestead exemption on the property the following year. Meanwhile, by 2001, Masters' husband had acquired another home in Glynn County, and he applied for and received a homestead exemption on that property as well.

In 2008, the DeKalb County Board of Tax Assessors (Board) learned about the Glynn County homestead exemption, and the Board decided to rescind Masters' DeKalb County exemption retroactively. The Board then charged Masters with back taxes for the years 2002 through 2007. In addition, the Board prohibited Masters from receiving any future homestead exemption on the DeKalb property as long as one existed on the Glynn County property of Masters' husband. Although Masters paid the back taxes assessed against her, she subsequently filed suit against the Board, contending, among other things, that the statute providing for homestead exemptions is unconstitutional based on equal protection grounds. The trial court granted summary judgment in favor of the Board, and Masters appeals. For the reasons set forth below, we reverse.

1. Masters contends that, because Section 48-5-40 (1) (A) (i) of the homestead exemption statute defines an applicant, in part, as a "married individual living with his or her spouse," a married couple who live in separate residences cannot apply for a homestead exemption. As a result, Masters contends that the statute contains an equal protection violation. As the trial court found, however, the homestead statute treats all married persons equally. There is no question that the statute was intended to afford one exemption to all married couples, whether living together or separately. The statute clearly states: "Only one homestead shall be allowed to one immediate family group." OCGA § 48-5-40 (1) (G). A husband and wife qualify as such a group. Furthermore, the statute explicitly indicates that a homestead subject to an exemption may include a home

"[w]here a husband *or* wife occupies a dwelling and the title of the homestead is in the name of the wife." (Emphasis supplied.) OCGA § 48-5-40 (1) (E). In addition, the statute defines a home "[o]ccupied primarily as a dwelling" to mean that an "applicant or members of his family occupy the property as a home." OCGA § 48-5-40 (6) (A). Both of these provisions contemplate that a home inhabited by a married person separated from his or her spouse may be subject to a homestead exemption. The partial definition of applicant in OCGA § 48-5-40 (1) (A) (i) does not alter this fact. Contrary to Masters' arguments, the statute does not prevent a married person living separately from his or her spouse from applying for a homestead exemption, and, as shown by the provisions above, the statutory text presumes that married persons living separately will have the same rights to an exemption as those living together. Therefore, the statute extends one exemption to each married couple, whether living together or separately, and, as a result of this equal treatment of all married couples, Masters' equal protection argument necessarily fails. See, e.g., *Copeland v. State*, 268 Ga. 375 (3) (490 SE2d 68) (1997).

2. This does not mean, however, that Masters' homestead exemption was properly taken away from her. Under the analysis of the Board, Masters' pre-existing homestead exemption was automatically nullified by her husband's later request and approval for a homestead exemption on a different house in a different county. This does not automatically follow from a finding that any married couple is entitled to only one homestead exemption, especially under facts like those currently before us. To the contrary, the facts here show that the homestead exemption on the home in which Masters resided had been in place for at least four years before her husband filed for a second homestead exemption on his home. In addition, there was no mutual intent between the parties to transfer the homestead exemption to another county; instead, Masters' husband intended to create a new, additional exemption. Under these circumstances, there is no legal authority to allow Masters' husband, years later, to nullify the pre-existing exemption. In other words, at the time that Masters' husband applied for a homestead exemption, there was already a valid exemption in place. As a result, the exemption request of Masters' husband should not have been honored, and Masters' valid, pre-existing homestead exemption should not have been rescinded by the Board. Therefore, the trial court's ruling in this case must be reversed.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully dissent because I disagree with Division 2 of the opinion which reverses the trial court's grant of summary judgment in favor of appellee. In Division 2, the majority creates a rule neither contemplated by the homestead statute nor called for by the issues raised on appeal.[1] Instead of simply determining the issues raised, the majority has decided to reverse the trial court based on what Glynn County "should have" done with regard to its administration of homestead exemptions. Specifically, the majority concludes that DeKalb County's act of rescinding the homestead exemption on the DeKalb County property in which appellant resides was erroneous because Glynn County should not have "honored" husband's homestead application based on the fact appellant's residence had the exemption during the four years prior to husband's application. In effect, the majority has created an equitable rule awarding the right of the homestead exemption to the property of the estranged spouse who first obtained such an exemption.

One problem with this result is the fact that neither Glynn County nor Mr. Masters are parties to this lawsuit. Indeed, the trial court did not make any determinations regarding their actions, but only determined that the homestead statute was constitutional and that the Masters were a "family group" such that they were only entitled to one homestead exemption. The majority's reversal does nothing to rectify the underlying problem at hand because, when appellee reinstates the homestead exemption on appellant's residence, as the majority opinion seemingly obliges it to do, the Masters will again have two homestead exemptions which the majority agrees in its Division 1 is not permitted by the homestead statute.

The majority is overreaching in its effort to resolve the matter as a response to Mr. Masters' implied bad behavior of causing the "nullification"[2] of the exemption on appellant's DeKalb County residence. The majority overlooks the fact that, because the Masters are married, the homestead exemption on the Glynn County property, which presumably is marital property, is as much appellant's homestead exemption as it is her husband's. The alleged estrangement[3] that causes the Masters to be unable or unwilling to decide for themselves which of their properties they will apply their one

---

[1] Appellant has only challenged the constitutionality of the homestead statute and the definition of the term "family group" therein.

[2] Although Mr. Masters is not a party to this case, the majority takes issue with his being able to "nullify the pre-existing exemption" without authority.

[3] Given the fact that the appellant is employed by her husband in his private tax business and that her husband is a certified public accountant, I find it difficult to believe that the couple is so completely estranged that they cannot make basic tax-related decisions.

homestead exemption does not justify denying DeKalb County the ability to administer the homestead exemption in compliance with the homestead statute.[4] Nor do the vagaries of the couple's purported estrangement justify this Court making equitable rulings beyond the scope of the issues raised on appeal. Since DeKalb County became aware that the Masters had two homestead exemptions and the law does not allow such, it was entitled to rescind the homestead exemption on the DeKalb County property. Accordingly, I would affirm the trial court's grant of summary judgment to appellee.

DECIDED NOVEMBER 22, 2010.

*Richard J. Dreger, Kenneth P. Robin*, for appellant.
*Duane D. Pritchett, Stephen E. Whitted*, for appellee.

---

[4] The majority does not explain how or why DeKalb County would have authority over Glynn County's administration of the homestead exemption, or vice versa.